UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH L. CAFRA JR., et al.,

    Plaintiffs,

v.                        CASE NO. 8:14-CV-843-T-17EAJ

RLI INSURANCE COMPANY,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 14   Motion to Dismiss for Failure to State a Claim (RLI)
Dkt. 15   Unopposed Motion for Extension of Time to Respond to Count I (RLI)
Dkt. 18   Response in Opposition
Dkt. 23   Notice of Supplemental Authority
Dkt. 24   Motion to Extend Time to Add Parties and Amend Pleadings (Cafra)
Dkt. 25   Response
Dkt. 32   Motion to Amend Complaint (Cafra)

This case was removed from Hillsborough County Circuit Court (Case No. 14-CA-002580, on April 10, 2014. The basis of jurisdiction is diversity.

The Complaint (Dkt. 2) includes the following:

Count I     Underinsured Motorist (UIM) Benefits
Count II    Declaratory Judgment to Determine Liability and Total Amount of Damages, F.S. 86.011-86.111
Count III   Violations of Florida Statute Sec. 624.155

Copies of Civil Remedy Notices dated October 28, 2013, November 11, 2013 and February 25, 2014 are attached to the Complaint.

Case No. 8:14-CV-843-T-17EAJ

The claims relate to a motor vehicle accident which occurred on February 27, 2010, in which Kevin R. McNutt rear-ended the vehicle operated by Plaintiff Joseph L. Cafra, Jr. Plaintiffs Joseph L. Cafra, Jr., Dianna Cafra and Joseph Cafra, III allege they sustained permanent bodily injuries caused by the negligent conduct of tortfeasor Kevin R. McNutt. Plaintiff Patricia Cafra and Brendan Cafra were following the vehicle operated by Joseph L. Cafra, Jr. in another vehicle. Plaintiff Patricia Cafra alleges a loss of consortium as a result of the injuries sustained by Plaintiff Joseph L. Cafra, Jr. Plaintiffs seek to amend the Complaint to include Brendan Cafra's loss of consortium claim, adding Brendan Cafra as a party, and to add loss of consortium claims for Dianna Cafra and Joseph Cafra, III.

In Count I, Plaintiffs seek underinsured motorist coverage under a personal umbrella policy issued by Defendant RLI which applies over other policies of insurance available to Plaintiffs. The subject policy has $1,000,000 in uninsured/underinsured motorist limits. Plaintiffs allege that all conditions precedent to bringing this action have occurred, have been satisfied, or have been waived. In Count II, Plaintiffs seek a declaratory judgment to determine liability and the total amount of damages. In Count III, Plaintiffs assert a first party bad faith claim against Defendant.

Plaintiffs filed the Case Management Report on June 9, 2014 (Dkt. 21). A Case Management Order was entered on October 2, 2014 (Dkt. 30).

I. Standard of Review

A. Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed

2

Case No. 8:14-CV-843-T-17EAJ

factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Documents Outside the Complaint

The Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Speaker v. U.S. Dept of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d

3

1334, 1337 (11th Cir. 2010); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005).

Under the Federal Rules of Civil Procedure, these exhibits are part of the pleading "for all purposes." Fed. R. Civ. P. 10(c); see Solis-Ramirez v. U.S. Department of Justice, 758 F.2d 1426, 1430 (11th Cir.1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

II. Discussion

A. Dkt. 14    Motion to Dismiss
   Dkt. 15    Unopposed Motion for Extension of Time to Respond to Count I

Because the same issues raised in the Motion to Dismiss are present as to the proposed Amended Complaint (Dkt. 32-1), the Court will rule on the Motion to Dismiss rather than deny it as moot.

Defendant RLI moves to dismiss Count II and Count III for failure to state a claim under Rule 12(b)(6). Defendant RLI argues that RLI owe UIM benefits only to the extent that Plaintiffs' damages exceed other sources of available insurance, such as the underinsured motorist's policy (McNutt), and Plaintiff Joseph Cafra's own auto policy.

1. Count III

Defendant RLI argues that a bad faith action does not accrue unless until there is a finding of liability and damages in favor of the insured, and, to date, there has been no determination of either liability or damages.

Plaintiffs agree that a bad faith action does not accrue until the underlying claim

Case No. 8:14-CV-843-T-17EAJ

has been resolved. Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla. 1991); Vest v. Travelers Ins. Co., 753 So.2d 1270, 1275 (Fla. 2000). However, Plaintiffs argue that the Court can either dismiss or abate, and that judicial economy favors abatement.

After consideration, the Court grants the Motion to Dismiss as to Count III; there has been no determination of liability and damages, and therefore the bad faith claim has not accrued.

2. Count II

Defendant RLI further argues that a declaratory judgment is premature, since it only serves to further the insured's bad faith argument. Perez v. Gen. Ins. Co. of Am, 2014 WL 1384401 (S.D. Fla. Apr. 9, 2014). If Plaintiffs prevail on the UIM claim in Count I, damages and liability will be established as part of that claim. To the extent that Plaintiffs seek a declaration of damages in excess of the UIM limits, or damages relating to Defendant's alleged bad faith, the claim is not yet ripe. Defendant further argues that Defendant is not disclaiming coverage, and therefore attorney's fees are not available.

Plaintiffs argue that there is no basis to dismiss Plaintiffs' claim for declaratory judgment. Plaintiffs argue that this Court has jurisdiction to determine whether Defendant RLI is liable under the Policy and the extent of that liability based on the outcome of Count I, the claim for UIM benefits, and enter an attendant declaratory judgment.

The Court notes that the liability policy limits available from tortfeasor McNutt's policy are exhausted. (Dkt. 2-3, p. 3). The Court further notes that Plaintiffs' "Personal Umbrella Liability Policy" provides uninsured/underinsured motorists coverage with

Case No. 8:14-CV-843-T-17EAJ

policy limits of $1,000,000 for each accident, $250,000 per person. (Dkt. 2-1. p.1). It is unclear whether Plaintiffs have coverage available under a separate automobile insurance policy.

In the Declaratory Judgment Count, Plaintiffs seek a declaratory judgment finding and determining liability for and the total amount of damages sustained by Plaintiff's as a result of the subject motor vehicle accident, including interest, attorney's fees pursuant to Secs. 624.155, 627.727(10) and/or 627.428, Florida Statutes, costs, any other relief the Court deems proper, and requests a jury trial. To the extent that the Declaratory Judgment Count is based on determination of liability and some amount of damages as to Plaintiffs' bad faith claim, the Court grants the Motion to Dismiss; if Plaintiffs' bad faith claim is premature, the Declaratory Judgment Count is premature to the extent that it is based on Plaintiffs's bad faith claim. To the extent that the Declaratory Judgment Count is based on a determination of liability and damages as to Plaintiffs' underinsured motorist claim, it is duplicative of Count I. However, at this stage, Plaintiffs may plead in the alternative. Accordingly, the Court grants the Motion to Dismiss in part and denies the Motion to Dismiss in part as to the Declaratory Judgment Count. Plaintiffs are granted leave to file an amended complaint which reflects the Court's ruling within fourteen days. The Court grants the Motion to Extend Time to respond as to Count I to fourteen days from the date of this Order.

B. Dkt. 24  Motion to Extend Time to Add Parties and Amend Complaint
   Dkt. 32  Motion to Amend Complaint

Plaintiffs seek leave to amend the Complaint to add Brendan Cafra as a party, and to add loss of consortium claims for Dianna Cafra, Joseph Cafra, III and Brendan Cafra.

Defendant has not filed a response in opposition to the Motion to Amend.

Case No. 8:14-CV-843-T-17EAJ

After consideration, the Court grants leave to file an amended complaint within fourteen days which adds Brendan Cafra as a party, and which adds loss of consortium claims for Dianna Cafra, Joseph Cafra, III and Brendan Cafra. The Court grants the Motion to Extend Time to add parties and amend complaint to fourteen days from the date of this Order. Accordingly, it is

**ORDERED** that the Motion to Dismiss (Dkt. 14) is **granted in part** as to Count II and **granted** as to Count III, with leave to file an amended complaint within fourteen days. The Motion to Extend Time to respond as to Count I (Dkt. 15) is **granted** to fourteen days from the date of this Order. The Motion to Extend Time to Add Parties and Amend Complaint (Dkt. 24) is **granted** to fourteen days from the date of this Order. The Motion to Amend Complaint (Dkt. 32) to add Brendan Cafra as a party and add loss of consortium claims is **granted** , with leave to file an amended complaint within fourteen days of the date of this Order.

DONE and ORDERED in Chambers, in Tampa, Florida on this 18 day of February, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record