UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH L. CAFRA, JR.,
et al.,

       Plaintiffs,

v.                       CASE NO.  8:14-CV-843-T-17EAJ

RLI INSURANCE COMPANY,

       Defendant.

_____/

ORDER

    This cause is before the Court on:

Dkt. 44    Amended Motion for Reconsideration or Clarification
Dkt. 51    Motion to Strike Claims for Attorney's Fees
Dkt. 53    Response

I. Dkt. 44  Amended Motion for Reconsideration or Clarification

    Plaintiffs seek reconsideration or clarification of the Court's prior Order (Dkt. 40).
Defendant moved to Dismiss Count II and Count III of the Complaint.  Count II is a
claim for declaratory judgment of liability and the total amount of damages, and Count
III is a claim for violation of Sec. 624.155, Florida Statutes.  The Court dismissed Count
III.

    In Count I of the Complaint, Plaintiffs' claim is for underinsured motorist benefits.
Plaintiffs allege that the damages arising from the subject accident exceed the policy
limits afforded by Defendant's policy, as well as all other available coverages, all of
which were made known to Defendant RLI.  Plaintiffs allege that Defendant RLI
continues to refuse to pay Plaintiffs underinsured motorist benefits, and seeks judgment

Case No. 8:14-CV-843-T-17EAJ

against Defendant RLI in excess of Fifteen Thousand Dollars, interest, costs, attorney's fees, and a jury trial of all triable issues.

In Count II of the Complaint, Plaintiffs seek declaratory judgment to determine liability and the total amount of damages. The Court granted Defendant's Motion to Dismiss in part as to Count II.

Plaintiffs' damages caused by the subject accident have yet to be determined, and Defendant's liability for underinsured motorist benefits has yet to be determined. To the extent that Count II Plaintiffs seek declaratory judgment as to the damages caused by the subject accident, and Defendant's liability for payment of underinsured motorist benefits, Count II duplicates Count I. At this stage Plaintiffs may plead in the alternative. Therefore, the Court denied Defendant's Motion to Dismiss in part.

In Count II of the Complaint, Plaintiffs sought a declaratory judgment finding and determining liability for the total amount of damages sustained by Plaintiffs as a result of the subject motor vehicle accident, including interest, attorney's fees pursuant to Secs. 624.155, 627.727(10) and/or 627.428, Florida Statutes, costs, any other appropriate relief, and a jury trial of any triable issues. Sec. 627.727(10) defines "total damages:

> (10) The damages recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include the total amount of the claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of a law of this state. The total amount of the claimant's damages is recoverable whether caused by an insurer or by a third-party tortfeasor.

Since the Court dismissed Count III (statutory bad faith claim), the Court granted Defendant's Motion to Dismiss Count II in part, to the extent it is premised on the unaccrued bad faith claim, i.e. for some amount of damages caused by the third party

2

Case No. 8:14-CV-843-T-17EAJ

tortfeasor in excess of the available underinsured motorist benefits or caused by an insurer.

After consideration, the Court **denies** the Motion for Reconsideration, and **grants** the Motion for Clarification as stated above.

II.   Dkt. 51  Motion to Strike Claims for Attorney's Fees

Defendant RLI Insurance Company requests an Order striking Plaintiffs' requests for attorneys fees in Count I, II, III and IV of the Amended Complaint, as Plaintiffs have not alleged a statutory or contractual basis for the award of attorney's fees.   Defendant RLI argues that Defendant RLI has not denied coverage (Dkt. 50, Answer, Par. 4), and since the disputed issues are only non-coverage issues, the award of attorney's fees is not appropriate. See Moore v. Allstate Ins. Co., 570 So.2d 291 (Fla. 1990)(relying on Sec. 627.727(8), Florida Statutes; Sec. 627.428 does not apply unless coverage is disputed); State Farm Mut. Auto. Ins. Co. v. Petersen, 85 So.2d 1248 (Fla. 4th DCA 2003); State Farm Mut. Ins. Co. v. Koster, 582 So.2d 735 (Fla. 3d DCA 1991).

Plaintiffs have not filed a response in opposition to the Motion to Strike.

After consideration, the Court **grants** the Motion to Strike Claims for Attorney's Fees in Counts I, II, III and IV of the Amended Complaint.

Case No. 8:14-CV-843-T-17EAJ

**DONE and ORDERED** in Chambers in Tampa, Florida on this 11th day of August, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4